**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4356**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BYRON ROCAEL PEREZ-LOPEZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00003-REP-1)

Submitted: November 17, 2009          Decided: November 20, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Rocael Perez-Lopez pled guilty without a plea agreement to illegal reentry after prior removal, in violation of 8 U.S.C. § 1326(a) (2006). The district court determined that Perez-Lopez had illegally reentered the United States four times in less than a five-year period, and imposed a 16-month sentence, a variance above the guideline range of 0-6 months. Perez-Lopez appeals his sentence, contending that the district court committed procedural and substantive errors by not considering his arguments in support of a within guideline sentence, increasing his sentence without sufficient explanation, and failing to avoid sentencing disparities or a sentence greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2006). We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guidelines range, this court must consider whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

2

Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). Applying these standards, we have thoroughly reviewed the record on appeal and conclude that the sentence was reasonable.

While the district court did not explicitly refer to Perez-Lopez' personal characteristics, family history, prior criminal history, or work history at sentencing, we conclude that the court did consider and "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 52). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, the district court had before it the Defendant's written and oral arguments in support of leniency. The district court was most concerned with the repetitive nature and circumstances of the offense, and specifically rejected Perez-Lopez' claims that the guideline range provided satisfactory and

appropriate punishment that was sufficient but not more than necessary to punish the offense of conviction. It held that a variance sentence was required to satisfy the objectives of § 3553(a), that the sentence imposed was necessary to deter Perez-Lopez and others from illegally entering the United States, and having previously been given lenient treatment, the sentence was necessary to promote respect for the law and to protect the citizens of the United States. The district court also specifically considered and rejected the Defendant's claim of statistical disparity. On these facts, we find the district court did not commit any "significant procedural error" in explaining its reasons for the sentence chosen. See <u>Gall</u>, 552 U.S. at 51. Further, based on the totality of the circumstances, including the Defendant's recidivism, and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," see <u>id.</u>, we are convinced that the sentence is substantively reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4